**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 95-50867
(Summary Calendar)
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MELVIS MONTANO,

Defendant-Appellant.

_____

Appeal from United States District Court
for the Western District of Texas
USDC No. A-94-CR-203

_____

October 28, 1997

Before JONES, SMITH, and STEWART, Circuit Judges.

PER CURIAM:[*]

Appellant Melvis Montano appeals the sentence imposed following his plea of guilty to a charge of conspiracy to possess with intent to distribute cocaine. He claims that a vacating of the sentence and a remand for resentencing is required because (1) his Presentence Report ("PSR") contained procedural defects, denying him both an opportunity to review the PSR and to prepare a defense concerning sentencing; and (2) the district court failed to perform its duty under 18 U.S.C. § 3553(c)(1) to state reasons for the specific sentence it imposed. For the reasons discussed below, we affirm appellant's sentence.

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR R. 47.5.4.

## BACKGROUND

Appellant was indicted by grand jury on December 20, 1994, in the Western District of Texas, for conspiracy to possess with intent to distribute cocaine and cocaine base in violation of 21 U.S.C. § 846 (count one) and possession with intent to distribute cocaine and cocaine base in violation of 21 U.S.C. § 841(a)(1) (count two). He reached a plea agreement which called for him to plead guilty to count one in exchange for the dismissal of count two. In the plea agreement, the government agreed to "make known to the court, prior to sentencing, the nature and extent of [appellant's] cooperation." However, the government retained the "sole discretion" whether to file a motion for downward departure of the sentence pursuant to section 5K1.1 of the United States Sentencing Guidelines. Appellant pled guilty to count one on April 25, 1995.

On November 9, 1995, appellant was sentenced to jail for 168 months, an amount within the applicable range (151-188 months) of his base offense level (Level 34). In addition, he received a four-year term of supervised release, and was ordered to pay a $2,500 fine and a $50 special assessment. According to the PSR, appellant has stated that he cannot speak or write in English. The record reveals that an interpreter was provided for appellant at the sentencing hearing.

The circumstances and events surrounding the sentencing hearing give rise to appellant's claims. In support of his contention that we must remand for resentencing, appellant raises three assignments of error: (1) the PSR was not delivered to and reviewed with him in accordance with various statutory procedural requirements; (2) his due process rights to adequate notice, adequate opportunity to respond, and effective assistance of counsel were violated in such circumstances; and (3) the district court ignored its statutory duty to state reasons for its imposition of a particular sentence within the applicable sentencing range.

2

**DISCUSSION**

*Alleged Defects with the PSR*

Appellant's argument asserting procedural infirmities with the PSR is predicated on 18 U.S.C. § 3552(d), Fed. R. Crim. P. 32(b)(6), Fed. R. Crim. P. 32(c)(3)(A), and Western District of Texas Local Rule CR-32(a)(1). Together, these rules attempt to ensure the defendant a meaningful opportunity to review and develop objections to the PSR prior to sentencing, thus setting the stage for the focused, adversarial development of relevant sentencing issues at the sentencing hearing.

The record reveals that appellant did not object to any PSR-related procedural defects at the sentencing hearing; as such, he may not raise this objection for the first time on appeal absent plain error. United States v. Calverley, 37 F.3d 160, 162-64 (5th Cir. 1994), cert. denied, 513 U.S. 1196 (1995); United States v. Navejar, 963 F.2d 732, 734 (5th Cir. 1992). "'Plain error'" exists when (1) there is an error, (2) it is clear or obvious, and (3) and it affects substantial rights. United States v. Olano, 507 U.S. 725 (1993); Calverley, 37 F.3d at 162-63. Even if this three-prong test is met, the district court has the discretion not to correct an error which does not "'seriously affect the fairness, integrity, or public reputation of judicial proceedings.'" Calverley, 37 F.3d at 162 (quoting United States v. Atkinson, 297 U.S. 157, 160 (1936)).

The government argues that we can dispose of appellant's procedural claims solely on the basis of our decision in United States v. Navejar, 963 F.2d 732 (5th Cir. 1992). We agree. In Navejar, the court handed the PSR to defendant at the sentencing hearing, whereupon defendant conferred privately with counsel to review it. In response to defendant's newly-raised contention on appeal that the PSR contained procedural defects, we held that "conclusory allegations of [procedural infirmities] unsupported by specifics" are inadequate to challenge "a solemn declaration in open

3

court" that defendant has had "sufficient time" to review the PSR with counsel. Navejar, 963 F.2d at 734. We noted that such declarations in open court "carry a strong presumption of verity," and that there was nothing in the record which contradicted the in-court declaration. Id. In the instant case, appellant was also handed the PSR at the sentencing hearing. After meeting with counsel (with an interpreter) to review the PSR,[1] appellant was asked by the court whether he had an opportunity to review it; he responded affirmatively. The court then asked appellant whether he would like to voice any concerns about the PSR; his reply--"no"--was a "solemn declaration in open court" that he had sufficient time to review it. The court thereafter asked him several times whether he would like to address the court before his sentence was imposed. Although appellant attempted to set forth mitigating circumstances for the court to consider in sentencing, not once did he indicate disagreement with the PSR's contents.[2] Eventually, he stated that he was "ready for [the court] to do the sentence."

Appellant attempts to distinguish Navejar by claiming that the record reveals two circumstances that contradict his "declaration in open court" that he had sufficient time to review the PSR. He argues that his difficulty with English, combined with his continued expression of surprise at the sentencing hearing after meeting with counsel, belie such "declaration." We reject appellant's argument. The record indicates that appellant was provided with an interpreter at the sentencing

---

[1]The record indicates that an interpreter was present during appellant's meeting with counsel. All further references to appellant's consultation with counsel at the sentencing hearing incorporate the interpreter's presence.

[2]We note that the court made its inquiries directly to appellant. In fact, after appellant had reviewed the PSR with his counsel, and before the court sentenced appellant, the court directly asked appellant no less than three times whether he would like to make any comments concerning his case. In addition, the court made similar inquiries to appellant's counsel.

hearing and that the court gave appellant "whatever time [he] need[ed]" to discuss the PSR with counsel and the interpreter. Any claimed English difficulty is therefore overblown.

Moreover, after meeting with counsel, appellant failed to challenge the contents of the PSR despite numerous inquiries from the court. The surprise to which appellant refers was not directed toward any particular aspect of the PSR which continued to confuse him, but rather to the fact that the time for sentencing was upon him. Appellant's feeble attempts to challenge his in-court declaration are inadequate. Mindful of the "strong presumption of verity" accorded his in-court declaration, especially when it is uncontroverted by anything in the record, we conclude that neither his right to due process nor his right to effective assistance of counsel was violated at the sentencing hearing. The district court did not commit plain error in proceeding to sentencing.[3]

Before proceeding to appellant's next assignment of error, we briefly address those aspects of the PSR which appellant indicates he would question if a remand was ordered. Appellant's conclusory allegations, made for the first time on appeal, suggest that he would probe: (1) the PSR's finding of no acceptance of responsibility and (2) the absence of any information in the PSR pertaining to the government's promise to report appellant's cooperation to the court. To the extent that appellant is raising an assignment of error as to the PSR's factual accuracy, we reject it.

The accuracy of a district court's factual findings is reviewed under a "clearly erroneous"

---

[3]In arguing that the district court had a special responsibility to ensure that the "functional purpose" of Fed. R. Crim. P. 32 was followed, appellant in part relies on Burns v. U.S., 501 U.S. 129 (1991). In Burns, the United States Supreme Court held that before the district court can depart upward or downward from the applicable Guidelines range on a ground not identified as a ground for such departure either in the PSR or in a prehearing submission by the government, Rule 32 requires reasonable advance notice to the parties that the court is contemplating such departure. Id. at 135 n.4, 138-39. Here, we are not confronted with a Burns-type situation, because the district court's sentence fell within the applicable sentencing range. We, therefore, refuse to extend Burns to the facts before us.

5

standard.  United States v. Fitzgerald, 89 F.3d 218, 223 (5th Cir. 1996).  Information used in sentencing must have some indicia of reliability.  U.S.S.G. § 6A1.3(a); Fitzgerald, 89 F.3d at 223; United States v. Kinder, 946 F.2d 362, 366 (5th Cir. 1991), cert denied, 503 U.S. 987 (1992).  The district court has wide discretion in evaluating the reliability of the information and whether to consider it.  Kinder, 946 F.2d at 366.  In disputing factual assertions in a PSR, the defendant must show that the information is materially untrue, inaccurate, or unreliable.  Navejar,  963 F.2d at 735.  Our review of a district court's ruling on acceptance of responsibility is "even more deferential than a pure clearly erroneous standard."  Kinder, 946 F.2d at 367.

As to the government's failure to follow through on its promise to report appellant's cooperation to the court, appellant notably does not set forth any facts demonstrating such cooperation.  Appellant's objection is vague and general, and does not suggest material untruth, inaccuracy, or unreliability in the PSR.  Navejar, 963 F.2d at 735.

Appellant claims that the only reason he did not receive a downward adjustment for acceptance of responsibility was because the district court did not believe his statement that this drug incident was his first. The district court based its belief on what he calls two "unsubstantiated 'facts'" in the PSR, namely that:  (1) appellant had a history "for an unspecified time period" with  an "unidentified" confidential informant in the distribution of drugs; and (2) appellant had been linked by fingerprint testing to an arrest five years earlier in Houston for possession of cocaine (despite appellant's claim that the arrest was of a different person, Jose Palimino, who had been using his name).

Appellant does not present any facts to controvert the PSR's finding that appellant had previously engaged in drug distribution activities with the confidential informant.  His objection to

6

this fact, therefore, is too general to rise to the level of suggesting material untruth, inaccuracy, or unreliability in the PSR. Navejar, 963 F.2d at 735. Appellant objects to the PSR's arrest history information (*i.e.*, the incident in Houston) by asserting that the probation officer's testimony at the sentencing hearing was contradictory. We disagree. The probation officer explicitly stated at the sentencing hearing that fingerprint testing linked appellant to an arrest in Harris County,[4] although he acknowledged that a case was not brought. Appellant's objection to his arrest history, therefore, neither demonstrates nor suggests material untruth, inaccuracy, or unreliability in the PSR. Navejar, 963 F.2d at 735.

*Failure to State Reasons for Sentence*

Appellant argues that his sentence should be vacated because the district court did not state any reasons for its imposition of his sentence as required by 18 U.S.C. § 3553(c)(1) for sentences which exceed 24 months. Because appellant did not raise this objection to the district court, we review only for plain error. Calverley, 37 F.3d at 162-64.

We note appellant's reliance on United States v. Price, 51 F.3d 175 (9th Cir. 1995), in which the court vacated the sentence and remanded on the basis of the district court's failure to follow section 3553(c)(1). However, in Price, the court expressly noted that the district court did not state the particular reasons for choosing the sentence imposed "in open court *or* in the judgment's written 'Statement of Reasons'." Price, 51 F.3d at 178 (emphasis added). In the instant case, the district court stated in the judgment's written "Statement of Reasons" that "[t]he sentence is within the guideline range, that range exceeds 24 months, and the sentence is imposed *due to the seriousness of the offense*" (emphasis added). Based on the circumstances of this case, the requirements for

---

[4]Houston is located in Harris County, Texas.

showing plain error have not been met.  <u>James</u>, F.3d at 407-08.

## **CONCLUSION**

For the foregoing reasons, we AFFIRM the appellant's sentence.